UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN BAPTIST HOSPITAL
OF FLORIDA, INC., etc.,

    Plaintiff,

v.                                              CASE NO.  3:17-cv-1214-J-34JBT

CELTIC INSURANCE COMPANY, etc.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss, Alternative Motion to Strike Demand for Attorneys' Fees (Counts III & IV) ("Motion") (Doc. 9) and Plaintiff's Response thereto (Doc. 18).  The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 22.)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.  Specifically, the undersigned recommends that Counts I, II, and V of the Complaint (Doc. 2) be **DISMISSED without prejudice**, the demand for attorneys' fees in

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Counts III and IV be **STRICKEN**, and that Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

## I.     Background

Plaintiff, which operates a group of Florida not-for-profit hospitals, brings this action against Defendant, a health insurance company, to recover reimbursement for emergency services that Plaintiff provided to individuals who subscribe to Defendant's health insurance policies ("Subscribers"). (Doc. 2 at 2.)  Plaintiff alleges that it is a non-network provider for the Subscribers. (*Id.* at 3.)  Plaintiff further alleges that the services it provided to the Subscribers were covered under the Subscribers' policies with Defendant, but that Defendant either refused to pay or underpaid for the services Plaintiff provided. (*Id.* at 3.)  Plaintiff does not have a copy of each Subscriber's policy, but Plaintiff attached a representative policy ("the Policy") (Doc. 2-2) to the Complaint. (*See* Doc. 2 at 3.)  The Complaint, which was filed in state court, sets forth five state law causes of action:  (I) breach of contract based on an assignment of benefits; (II) breach of contract as a third party beneficiary; (III) unjust enrichment; (IV) violation of section 627.64194, Florida Statutes; and (V) a claim for declaratory relief.[2]

---

[2] On October 30, 2017, Defendant removed this action from state court on the basis of diversity jurisdiction. (Doc. 1.)  In this diversity case, Florida substantive law applies. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

**II.     Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to state a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Indeed, the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions.  *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  "Similarly, unwarranted deductions of fact in

a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal*, 578 F.3d at 1260 (stating that in evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference") (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

### III. Analysis

#### A. Counts I, II, & V (Breach of Contract, Declaratory Relief)

In Count I, Plaintiff sets forth a breach of contract claim based on the Subscribers' assignment of benefits under the Policy, which allowed Plaintiff to bill Defendant directly for the services Plaintiff provided to the Subscribers. (Doc. 2 at 4.) In Count II, Plaintiff sets forth a breach of contract claim as an intended third-party beneficiary of the Policy. (*Id.* at 5.) In both counts, Plaintiff alleges that Defendant breached the Policy by failing to pay Plaintiff what Plaintiff calls the "Appropriate Amount," which is not a defined term in the Policy. (*Id.* at 4–6.) Similarly, in Count V, Plaintiff seeks, in part, a determination that "[Defendant] failed to pay [Plaintiff] the Appropriate Amount." (*Id.* at 8.)

Defendant contends that any count relying on the term "Appropriate Amount" should be dismissed. (*See* Doc. 9 at 3–7, 12–13.) Defendant argues that this term as used by Plaintiff contradicts the Policy, because the term does not account for exclusions and limitations contained therein. (*Id.* at 6–9.) The undersigned agrees that the use of this term is confusing and unnecessary, and therefore Plaintiff should replead these counts.

The Complaint implies that the term "Appropriate Amount" is a definition set forth in the Policy. However, it is not. Instead, it is a term used by Plaintiff apparently based on the Policy's definition of "Eligible Service Expense." (*See* Doc. 2-1 at 13–14.) However, any definition in the Policy of course must be read in the context in which it is used in the Policy. Thus, to substitute the term "Appropriate Amount" for the term "Eligible Service Expense" is confusing and misleading. As Defendant points out, Plaintiff fails to account for the schedule of benefits attached to each policy, which includes adjustments to the amounts Defendant must ultimately pay to a provider, based on, for example, deductibles, cost-sharing percentages, and co-payments. (*See id.* at 30.) In its Response, Plaintiff acknowledges that individual claims for reimbursement may be subject to reduction based on the exact policy at issue and whether the Subscriber in question has met his or her deductible amount. (*See* Doc. 18 at 4.)

Notably, there is no reason to address the details of the Policy at the pleading stage. Plaintiff can simply allege that Defendant failed to pay Plaintiff the amount due under the Policy. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) ("The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." (applying Florida law)). In short, Plaintiff's "Appropriate Amount" term in Counts I, II, and V is unnecessary, confusing, and inconsistent with the Policy attached to the Complaint. Accordingly, the undersigned recommends that the Motion be granted in part on this basis, and that Plaintiff be required to replead Counts I, II, and V in accordance herewith.

### B. Count III (Unjust Enrichment)

In Count III, Plaintiff alleges that it conferred a benefit upon Defendant by supplying "Covered Services to Subscribers which was the obligation of" Defendant; Defendant "voluntarily accepted the benefit of their Subscribers receiving the Covered Services by authorizing and partially paying for them" with knowledge that the Subscribers received the services; Defendant has not fully reimbursed Plaintiff for the reasonable value of the benefit conferred by Plaintiff; and "[i]t would be inequitable for [Defendant] not to pay [Plaintiff] the reasonable value for the services and yet retain the benefit conferred on their Subscribers . . . ." (Doc. 2 at 6.)

Defendant argues that "Count III should be dismissed because it is precluded by the existence of express written contracts between [Defendant] and the Subscribers." (Doc. 9 at 8.) Defendant further contends that Count III must be dismissed because it was not plead alternatively with Plaintiff's breach of contract claims. (*Id.*) Defendant maintains that "[Plaintiff] does not allege, for purposes of Count III, that no contract existed dictating the payment terms between [Defendant] and the Subscribers. To the contrary, [Plaintiff] asserts in Count III that it is entitled to the 'reasonable value' of the services at issue even though the services are in all cases 'Covered Services' under contracts dictating payment terms." (*Id.* at 9.) Defendant maintains that because Plaintiff "alleges that all of its claims are for 'Covered Services' under policies between [Defendant] and its Subscribers that dictate payment terms, [Plaintiff] is foreclosed from pursuing an unjust enrichment

6

theory of recovery." (*Id.*)  The undersigned recommends that this argument be rejected because Plaintiff was not a party to the Policy, Plaintiff may not prevail on its contractual theories of relief, and Plaintiff is entitled to plead inconsistent claims.

An "unjust enrichment claim [is] precluded by the existence of an express contract *between the parties* concerning the same subject matter." *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008) (emphasis added).  Defendant is correct that an express written contract exists between Defendant and the Subscribers.  (*See* Doc. 9 at 8.)  However, Plaintiff was not a party to those insurance policies.  *See Kowalski v. Jackson Nat. Life Ins. Co.*, 981 F. Supp. 2d 1309, 1317 (S.D. Fla. 2013) ("[C]ontracts barring the unjust enrichment claim must be between the parties to the unjust enrichment claim.") (collecting cases); *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. Dist. Ct. App. 1998*)* ("[T]here is no dispute that there was a contract between NHL and MMAR; however, NHL did not have a contract with Ramsey [or] Ramirez . . . . Hence, the unjust enrichment claims were improperly dismissed as to Ramsey and Ramirez.").

Moreover, the Federal Rules of Civil Procedure permit a party to allege inconsistent theories of relief.  Specifically, Rule 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, *regardless of consistency*." (emphasis added).  Additionally, Rule 8(d)(2) states in relevant part that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."

Here, Plaintiff was not a party to the Policy, and Plaintiff may not prevail on its contractual theories of relief.  While Plaintiff cannot ultimately recover under both breach of contract and unjust enrichment claims, Rule 8 and Florida law allow the claims to be plead as inconsistent theories of relief.[3]  Although not specifically stated in the Complaint, Plaintiff acknowledges in its Response that it is pleading the unjust enrichment claim in the alternative.  (*See* Doc. 18 at 6.)  For the foregoing reasons, the undersigned recommends that the Motion be denied as to this count.

### C.   Count IV (Violation of Section 627.64194)

In Count IV, Plaintiff alleges that Defendant violated section 627.64194, Florida Statutes, by failing to pay Plaintiff its usual and customary charges as defined in section 641.513(5), Florida Statutes.  (Doc. 2 at 7.)  Defendant argues that Count IV fails to account for the fact that Defendant is not responsible for "applicable copayments, coinsurance, and deductibles" pursuant to section 627.64194(2), Florida Statutes.  (Doc. 9 at 10.)  Defendant also contends that Plaintiff "is seeking as its measure of recovery under Count IV the amount the Hospital itself charges," when Plaintiff is entitled to no more than fair market value

---

[3] "Florida's courts have not ruled on the issue of whether a health care provider's rendering of services to an insured equates to a direct benefit conferred on the insurance company . . . ." *Reva, Inc. v. Humana Health Benefit Plan of La., Inc.*, Case No. 18-20136-CIV-ALTONAGA/Goodman, 2018 WL 1701969, at *3 (S.D. Fla. Mar. 19, 2018). However, the undersigned recommends that Plaintiff's allegations are sufficient to proceed past the pleading stage.  *Id.* ("While a close call, and while the Court is skeptical discovery will confirm the conferral of a direct benefit to Defendants by virtue of Plaintiff's rendition of air ambulance services to Defendants' insureds, viewing the facts in light most favorable to Plaintiff, the unjust enrichment claims survive." (citation omitted)).

of the services it provided. (*Id.* at 10, 12.) The undersigned recommends that Plaintiff has sufficiently pled Count IV, and that the ultimate amount owed, if any, will be determined as a matter of law based on the applicable statutes and case law. Therefore, any confusion in the Complaint regarding the amount owed need not result in dismissal.

In pertinent part, section 627.64194(2) provides that:

> [a]n insurer is solely liable for payment of fees to a nonparticipating provider of covered emergency services provided to an insured in accordance with the coverage terms of the health insurance policy, and such insured is not liable for payment of fees for covered services to a nonparticipating provider of emergency services, *other than applicable copayments, coinsurance, and deductibles*.

(emphasis added). Section 627.64194(4) provides, in relevant part, that "[a]n insurer must reimburse a nonparticipating provider of services under subsection[] (2) . . . as specified in [section] 641.513(5), reduced only by insured cost share responsibilities as specified in the health insurance policy, within the applicable timeframe provided in s. 627.6131."

Section 641.513(5), in turn, sets out the reimbursement amount, in relevant part, as the lesser of:

> (a) The provider's charges; [or]
> (b) The usual and customary provider charges for similar services in the community where the services were provided[.]
>
> Such reimbursement amount shall be net of any applicable copayment authorized pursuant to subsection (4).

9

The Florida First District Court of Appeal has interpreted the phrase "usual and customary charges" in the context of the statute to mean "the fair market value of the services provided." *Baker Cty. Med. Servs., Inc. v. Aetna Health Mgmt., LLC*, 31 So. 3d 842, 845 (Fla. Dist. Ct. App. 2010).

The undersigned recommends that Count IV states a claim for which relief may be granted. Although Plaintiff alleges that Defendant must pay Plaintiff "it's [sic] usual and customary charges," rather than quoting section 641.513(5) verbatim, Count IV sufficiently tracks the language of the relevant Florida statutes such that Defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."[4] *Twombly*, 550 U.S. at 555. Moreover, while Defendant is correct that the ultimate reimbursement amount will be net any "applicable copayment, coinsurance, and deductibles," any damages recoverable under Count IV will be limited to those allowed by law. Fla. Stat. § 627.64194(2). Accordingly, the undersigned recommends that the Motion be denied as to this count.

### D. Request for Attorneys' Fees in Counts III and IV

Defendant alternatively requests that Plaintiff's demand for attorneys' fees in Counts III and IV be stricken. (Doc. 9 at 13–16.) In its Response, Plaintiff agrees "that the request for Attorney's fees in Counts III and IV should be stricken and herewith withdraw the same." (Doc. 18 at 4.) Accordingly, the undersigned

---

[4] The undersigned notes that Plaintiff tracked the language of section 641.513(5) more precisely in its claim for declaratory relief by requesting a determination of "the usual and customary charge in the community." (Doc. 2 at 8.)

10

recommends that the Motion be granted to the extent that the requests for attorneys' fees contained in Counts III and IV be stricken.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 9**) be **GRANTED in part** and **DENIED in part** as stated herein.

2. Counts I, II, and V of the Complaint (**Doc. 2**) be **DISMISSED without prejudice** and the requests for attorneys' fees in Counts III and IV be **STRICKEN**.

3. Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

**DONE AND ENTERED** at Jacksonville, Florida, on June 1, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

11